IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

FEDERAL INSURANCE COMPANY, )
as subrogee of Bama Air, Inc. and )
Bridgeport Associates, Inc., )
 )
                      Plaintiff, )
 )
v. ) Case No. 16-2755-JWL
 )
CESSNA AIRCRAFT COMPANY, )
TEXTRON AVIATION, INC., and )
TAT TECHNOLOGIES, )
 )
                      Defendants. )
 )
_____)

## **MEMORANDUM AND ORDER**

This matter presently comes before the Court on two motions to quash filed by non-parties (Doc. ## 14, 19) and plaintiff's motion for leave to conduct jurisdictional discovery (Doc. # 21). For the reasons set forth below, the two motions to quash are **denied as moot**, and the motion for leave to conduct discovery is **denied.**

On November 3, 2016, plaintiff filed this diversity product liability case against three defendants. One defendant, TAT Techologies ("TAT"), is alleged to be incorporated and have its principal place of business in the country of Israel. The instant motions to quash were filed by two non-party wholly-owned subsidiaries of TAT: Piedmont Aviation Component Services, LLC ("Piedmont"), a North Carolina limited liability company located in North Carolina; and Limco Airepair, Inc. ("Limco"), a

Delaware corporation located in Oklahoma. Piedmont states in its motion (to which the relevant documents have been attached) that on April 24, 2017, plaintiff sent Piedmont's registered agent by certified mail a copy of the complaint, a summons for TAT, a notice of service of process for service on Piedmont, and a letter to Piedmont stating as follows:

> Please forward the enclosed Summons and Complaint to your international parent company, TAT Technologies. Pursuant to the Kansas Rules of Civil Procedure, service on a wholly owned subsidiary is proper service.

According to Limco's motion, on April 28, 2017, plaintiff sent similar documents to Limco's registered agent. Plaintiff subsequently filed notices of service of process on TAT by way of the mailings to Piedmont and Limco. Plaintiff has also filed a notice of service of process on TAT by having mailed a copy of the summons and complaint directly to TAT in Israel, as evidenced by a US Postal Service tracking document indicating that the package was delivered in Israel on January 30, 2017.

Piedmont and Limco seek to quash the attempts at service upon them, on the basis that they are separate entities from TAT that have not been named as parties to the lawsuit. In response, plaintiff confirms that Piedmont and Limco are not parties to the action and that it was attempting to serve only TAT through those subsidiaries. Plaintiff also states that any objection to those attempts are moot because it has effected service on TAT directly. For that reason, plaintiff states that it withdraws the attempted service of TAT through Piedmont, but it does not withdraw the attempted service of TAT through Limco in case its direct service of TAT is deemed improper.

2

It is clear from the documents, and plaintiff has confirmed, that no service of Piedmont or Limco was intended or effected. Rather, plaintiff only "served" those companies by sending documents to them in an attempt to serve process on TAT. Those companies are not parties to this suit, and they lack standing to challenge any attempted service of process on TAT, their parent. Thus, there is no basis to afford these companies any relief in this action, and their motions are therefore denied as moot.[1]

By its motion, plaintiff seeks leave to conduct jurisdictional discovery "[i]n the event that the Court does not decide that [TAT] was properly served through the use of international mail." It appears from the motion that plaintiff wishes to discover evidence to support arguments that Limco is the alter ego of TAT and that Limco has sufficient contacts with Kansas. The question regarding the attempted direct service of TAT is not properly before the Court, however, as TAT has not raised any challenge to service, and Piedmont and Limco lack standing to appear in this action (as plaintiff concedes). Moreover, plaintiff has not indicated that it seeks discovery only from TAT, and it has not identified any basis for seeking discovery from Limco, a non-party.[2] Thus, the Court

---

[1]Plaintiff requests, in essence, that Limco's motion to quash remain pending, to the extent that it challenges the attempted service of TAT through Limco, until the propriety of its attempted direct service on TAT is adjudicated. As plaintiff notes, however, Limco has no standing to seek relief in this action, and the issue of the propriety of the direct service is not properly at issue before the Court.

[2]Plaintiff's complaint does not include any alter ego allegations; indeed, the complaint does not mention Limco at all. Plaintiff insists in its motion that its alter ego contention goes beyond a "mere hunch," but it has not favored the Court with any factual
(continued...)

denies plaintiff's motion for jurisdictional discovery.

IT IS THEREFORE ORDERED BY THE COURT THAT the motions to quash by non-parties Piedmont and Limco (Doc. ## 14, 19) are **denied as moot**.

IT IS FURTHER ORDERED BY THE COURT THAT plaintiff's motion for discovery (Doc. # 21) is **denied**.

IT IS SO ORDERED.

Dated this 30th day of June, 2017, in Kansas City, Kansas.

s/ John W. Lungstrum<br>
John W. Lungstrum<br>
United States District Judge

---

[2](...continued)
basis for its contention. Thus, even if a valid jurisdictional issue were before the Court, plaintiff has not established that discovery on the subject of alter ego would be anything other than an improper fishing expedition.