IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

FEDERAL INSURANCE COMPANY, )
as subrogee of Bama Air, Inc. and )
Bridgeport Associates, Inc., )
 )
                      Plaintiff, )
 )
v. ) Case No. 16-2755-JWL
 )
CESSNA AIRCRAFT COMPANY, )
TEXTRON AVIATION, INC., and )
TAT TECHNOLOGIES, )
 )
                      Defendants. )
 )
_____)

## **MEMORANDUM AND ORDER**

This product liability action presently comes before the Court on plaintiff's motion for default judgment against defendant TAT Technologies ("TAT"), pursuant to Fed. R. Civ. P. 55(b)(1) (Doc. # 27). For the reasons set forth below, the motion is **denied**.

In its motion and supporting affidavit, plaintiff states as follows: it filed this action against TAT and two other defendants on November 3, 2016; it seeks damages of $532,802.61, representing the amount of insurance payments made to its subrogors for the alleged damages to their products, and seeks an additional $400 in costs; on January 30, 2017, it served process on TAT "by international mail with evidence of delivery" at TAT's business address in Israel; and more than 21 days have past since that

time without an answer or appearance in this action by TAT.[1]

The Court denies the motion for default judgment for three independent reasons. *See Loring v. KWAL-Howels, Inc.*, 2013 WL 1304466 (D. Kan. Mar. 27, 2013) (denying motion for default judgment for these same three reasons).

*First*, plaintiff has not obtained entry of default from the Clerk. Rule 55(b) allows for entry of a default judgment only if default has first been entered against the defendant by the Clerk under Rule 55(a). *See* Fed. R. Civ. P. 55; *Meyers v. Pfizer,* Inc., 581 F. App'x 708, 710 (10th Cir. 2014) (unpub. op.); *Loring*, 2013 WL 1304466, at *1; 10A Chas. A. Wright, et al., *Federal Practice and Procedure* § 2682 (Civ. 3d 1998). Plaintiff has not applied to the Clerk for entry of default against TAT, and it therefore may not yet seek a default judgment under Rule 55(b).

*Second*, judgment may not be entered against TAT now when there is no basis for judgment yet against the other defendants. The Court is bound by the following general rule: "when one of several defendants who is alleged to be jointly liable defaults, judgment should not be entered against him until the matter has been adjudicated with regard to all defendants, or all defendants have defaulted." *See Hunt v. Inter-Globe*

---

[1] Plaintiff also attempted service on TAT by mailing the summons and complaint to two of TAT's subsidiaries in the United States with requests that they forward the documents to TAT. By Memorandum and Order of June 30, 2017 (Doc. # 26), the Court denied as moot motions to quash by the subsidiaries. The Court noted that plaintiff had not attempted to serve those two companies, who thus lacked standing to appear to seek any relief. The Court further noted that the question of the efficacy of service on TAT was not properly before it, and it therefore denied plaintiff's request for leave to conduct jurisdictional discovery.

2

*Energy, Inc.*, 770 F.2d 145, 147 (10th Cir. 1985) (citing *Frow v. De La Vega*, 82 U.S. 552 (1872)) (quoting general rule of *Frow* as stated in 10 Chas. A. Wright, et al., *Federal Practice and Procedure* § 2690 (1983)). In this action, plaintiff has asserted a number of claims against TAT and two other defendants. Plaintiff has asserted two counts only against TAT, but those claims arise from the same product failures on which the claims against the other defendants are based, and, as shown by the claim for damages in this motion, plaintiff appears to seek the same damages (the amount of its payments to its subrogors) from each defendant. Thus, because consistent verdicts are essential among joint tortfeasors, *see id.* at 148, default judgment against TAT at this time would not be appropriate.

*Third*, plaintiff has not demonstrated effective service on TAT. "[J]udgment by default should not be entered without a determination that the court has jurisdiction over the defendant." *See Dennis Garberg & Assocs., Inc. v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 771 (10th Cir. 1997). Thus, effective service of process must be shown here. *See Baldauf v. Garoutte*, 137 F. App'x 137, 142 (10th Cir. 2005) ("In order to enter a default judgment, a court must have jurisdiction over the parties, which requires that the parties be served with process.") (citing 10A Wright, et al., *supra* § 2682); *Unum Life Ins. Co. of Am. v. Paisley*, 2014 WL 5390243, at *1 (D. Kan. Oct. 22, 2014).

In its motion, plaintiff has not identified the rule under which it served TAT by mail in this case. In prior briefing, however, plaintiff argued that it properly served TAT under Fed. R. Civ. P. 4(h)(2) and 4(f)(1) and (2). Rule 4(h) provides that a foreign

3

corporation may be served in a manner prescribed by Rule 4(f) except for personal delivery under Rule 4(f)(2)(C)(i).  *See* Fed. R. Civ. P. 4(h).  Rule 4(f)(1) provides for service by an internationally agreed means of service, such as those authorized by the Hague Convention.  *See* Fed. R. Civ. P. 4(f)(1).  Plaintiff argued previously that the Hague Convention permits service by mail.  Indeed, in *Water Splash, Inc. v. Menon*, 137 S. Ct. 1504 (2017), the Supreme Court recently held that the Hague Convention did not prohibit service by mail.  *See id.*  The Court stressed, however, that its holding did not mean that the Convention affirmatively *authorizes* service by mail.  *See id.* at 1513.  Thus, service by mail under the Convention is permissible if two conditions are met: "first, the receiving state has not objected to service by mail; and second, service by mail is authorized under otherwise-applicable law."  *See id.*  Thus, because the Convention does not authorize service by mail, plaintiff has not shown service under Rule 4(f)(1).

If there is no internationally agreed means of service or an international agreement allows but does not specify other means (as here under the Convention), Rule 4(f)(2) (also invoked by plaintiff) allows for service by a method reasonably calculated to give notice as follows:

>   (A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;
>   (B) as the foreign authority directs in response to a letter rogatory or letter of request; or
>   (C) unless prohibited by the foreign country's law, by:
>      ...
>      (ii) using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt.

4

*See* Fed. R. Civ. P. 4(f)(2). Paragraphs (A) and (B) would not apply here, as plaintiff has not shown that the law of Israel permits service by mail in any particular fashion or that Israel has responded to a letter rogatory or letter of request. Plaintiff apparently relies on paragraph (C)(ii), as it previously argued that Israel does not prohibit service by mail. Plaintiff has not shown, however, that it used a form of mail (such as certified mail) that requires a signed receipt, as required by Rule 4(f)(2)(C)(i). The proof of service filed by plaintiff indicates that the summons and complaint were mailed by "United States Mail, International Delivery," and it includes a tracking document with a notation that the item was delivered in Israel, but there is no indication that a signed receipt was required or obtained. Thus, because plaintiff has not shown proper service under Rule 4(f)(2)[2], it has not established the Court's jurisdiction over TAT as required.[3]

For these reasons, entry of default judgment against TAT is not appropriate at this time, and the Court therefore denies plaintiff's motion.

IT IS THEREFORE ORDERED BY THE COURT THAT plaintiff's motion for

---

[2]Rule 4(f)(3) provides for service "by other means not prohibited by international agreement, as the court orders," *see* Fed. R. Civ. P. 4(f)(3), but plaintiff did not invoke that provision in its prior arguments, and the Court has not issued an order allowing for any particular method of service on TAT.

[3]Although plaintiff's attempt to serve TAT by mail was challenged in prior briefs, plaintiff has not responded to those arguments or otherwise attempted to show proper service under the rules in its present motion. The Court is not ruling that plaintiff will never be able to show proper service on TAT; rather, the Court concludes, on the information before it, that plaintiff has failed to show proper service at this time.

5

default judgment against defendant TAT Technologies (Doc. # 27) is hereby **denied**.

IT IS SO ORDERED.

Dated this 7th day of July, 2017, in Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge
