IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

FEDERAL INSURANCE COMPANY, )
)
          Plaintiff, )
)
v. ) Case No. 16-2755-JWL
)
TAT TECHNOLOGIES, )
)
          Defendant. )
)
_____)

## **MEMORANDUM AND ORDER**

This product liability action by plaintiff Federal Insurance Company as subrogee presently comes before the Court on the motion by defendant TAT Technologies, Ltd. ("TAT") to set aside the Clerk's entry of default (Doc. # 32). For the reasons set forth below, the motion is **granted**, and TAT may respond to the complaint on or before **October 18, 2017**.

Plaintiff filed this action against TAT and two other defendants on November 3, 2016. On June 30, 2017, plaintiff moved for a default judgment against TAT, based on plaintiff's alleged service of process on TAT on January 30, 2017, by international mail. By Memorandum and Order of July 7, 2017, the Court denied the motion for three independent reasons: first, plaintiff had not obtained entry of default from the Clerk pursuant to Fed. R. Civ. P. 55(a); second, there was not yet any basis for judgment against all three defendants, who could be jointly liable; and third, plaintiff had not

demonstrated effected service on TAT. Plaintiff then set about addressing those three impediments cited by the Court: on August 18, 2017, plaintiff filed a proof of service on TAT under the Hague Convention, which service occurred on April 30, 2017; on August 21, 2017, plaintiff applied for and obtained a Clerk's entry of default based on that proof of service; and on August 31, 2017, plaintiff and the other two defendants filed a stipulation of dismissal (without prejudice) of the claims against those defendants. On August 24, 2017, TAT filed the instant motion, by which it asks the Court to set aside the entry of default and to grant it 20 days in which to respond to plaintiff's complaint.

A court may set aside an entry of default for "good cause." *See* Fed. R. Civ. P. 55(c). In deciding whether to set aside an entry of default, a district court considers whether the default was willful, whether setting it aside would prejudice the opposing party, and whether a meritorious defense is presented, although the court need not consider all of those factors and may consider other factors as well. *See Guttman v. Silverberg*, 167 F. App'x 1, 4 (10th Cir. 2005) (unpub. op.) (citing *Dierschke v. O'Cheskey*, 975 F.2d 181, 183 (5th Cir. 1992)); *see also Hunt v. Ford Motor Co.*, 65 F.3d 178, 1995 WL 523646, at *3 (10th Cir. Aug. 29, 1995) (unpub. op.) (citing *Dierschke* in applying same factors); *School-Link Tech., Inc. v. Applied Resources, Inc.*, 471 F. Supp. 2d 1101, 1119 (D. Kan. 2007) (Lungstrum, J.) (citing *Hunt* in applying same factors). "The good cause standard for setting aside an entry of default poses a lesser standard for the defaulting party than the excusable neglect which must be shown for relief from a default judgment." *See School-Link*, 471 F. Supp. 2d at 1119 (citing

*Dennis Garberg & Assocs., Inc. v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 775 n.6 (10th Cir. 1997)).

The Court concludes in its discretion, based on a consideration of these factors, that the Clerk's entry of default should be set aside. First, with respect to TAT's culpability, plaintiff cites its various attempts to send the summons and complaint to TAT in Israel, but as the Court previously concluded, plaintiff has not shown that it effected proper service by those efforts. Plaintiff now relies on service through the Hague Convention. TAT does not directly challenge the propriety of that service, although it notes that the plaintiff's proof of service does not make clear who signed for the receipt on behalf of TAT. TAT has also provided an affidavit stating that those documents were not routed properly to the responsible people at TAT. Based on these facts, the Court is not persuaded that TAT acted willfully or is especially culpable in failing to respond to the complaint.

Second, plaintiff has not alleged any prejudice that it would suffer from the delay in the litigation of its claims against TAT. Moreover, as TAT notes, plaintiff delayed prosecuting its suit against TAT, as plaintiff did not obtain service on TAT until April 30, 2017, nearly five months after suit was filed, and plaintiff itself did not receive notice of that service until the end of July.

Third, TAT has at least identified possible defenses based on the statute of limitations and a lack of personal jurisdiction.

Finally, and perhaps most importantly, there is a strong preference for the

disposition of litigation on the merits. *See Gulley v. Orr*, 905 F.2d 1383, 1386 (10th Cir. 1990) (given that preference and the lack of prejudice, district court did not abuse its discretion in denying a motion for default judgment). This litigation remains in the earliest stages, and plaintiff has not identified any prejudice here. Thus, the Court concludes that plaintiff's claims against TAT should be decided on their merits, and accordingly, it sets aside the entry of default and grants TAT 20 days in which to respond to the complaint.

IT IS THEREFORE ORDERED BY THE COURT THAT the motion by defendant TAT Technologies, Ltd. to set aside the Clerk's entry of default (Doc. # 32) is hereby **granted**. Defendant may respond to the complaint on or before **October 18, 2017**.

IT IS SO ORDERED.

Dated this 28th day of September, 2017, in Kansas City, Kansas.

s/ John W. Lungstrum  
John W. Lungstrum  
United States District Judge