IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

FEDERAL INSURANCE COMPANY,         )
                                   )
                    Plaintiff,     )
                                   )
v.                                 )   Case No. 16-2755-JWL
                                   )
TAT TECHNOLOGIES, LTD.,            )
                                   )
                    Defendant.     )
                                   )
_____)

## **MEMORANDUM AND ORDER**

This matter comes before the Court on defendant's motion for reconsideration (Doc. #52) of the order by which the Court denied defendant's motion to dismiss for lack of personal jurisdiction. Defendant moves under D. Kan. Rule 7.3(b)(3), arguing that the Court committed "clear error." *See id.* Because defendant has not shown that the Court clearly erred, the Court **denies** the motion for reconsideration.

Plaintiff asserted specific jurisdiction in this case. In its motion to dismiss, defendant argued only that the required minimum contacts with Kansas were lacking (step one of the jurisdictional analysis). The gist of the Court's analysis by which it rejected that argument follows:

> The Court concludes that plaintiff has made the requisite prima facie showing of specific jurisdiction over defendant in this case. Defendant had contact with Kansas when it shipped two allegedly defective precoolers to the State, where they were incorporated into airplanes that allegedly failed. Thus, plaintiff's claims arise directly from

> defendant's contacts with the forum state. Moreover, defendant intentionally sold its parts to Kansas companies and shipped its parts to that state for use in airplanes, and therefore the relevant contacts were not merely random or fortuitous and did not result from some other party's unilateral action.

*See Federal Ins. Co. v. TAT Tech., Ltd.*, 2017 WL 5970827, at *3 (D. Kan. Dec. 1, 2017).

In moving for reconsideration, defendant makes only two arguments.[1] First, defendant takes issue with the Court's citation to *Thompson v. Chrysler Motors Corp.*, 755 F.2d 1162 (5th Cir. 1985). After noting that defendant had failed to cite any case in which specific jurisdiction was denied in similar circumstances, the Court cited *Thompson* as an example of a case in which the court had "held that the sale and shipment of an allegedly defective part into the forum state may provide the necessary contact to support specific jurisdiction." *See Federal*, 2017 WL 5970827, at *3 (citing *Thompson*, 755 F.2d at 1172). Defendant argues that in *Thompson*, the key was that the part was shipped to the state specifically for use in a resident's vehicle. Even if that case is not factually identical to the present case, it still supports the Court's ruling (and thus does not provide a basis for reconsideration), as that court held that shipment into the state for use there was sufficient. In the present case as well, defendant shipped its (allegedly defective) part into Kansas for use there (use in the manufacture of an airplane). Again, defendant has not cited any similar case in which jurisdiction was

---

[1] Defendant declined to file a reply brief in support of this motion.

2

found lacking.

Defendant next cites *Bristol-Myers Squibb Co. v. Superior Court of California*, 137 S. Ct. 1773 (2017), in which the Supreme Court held that the defendant's contacts with the forum state were insufficient. In that case, the court noted that a defendant's contacts with a third-party forum resident are not necessarily sufficient to establish specific jurisdiction. *See id.* at 1781. In that case, however, the claim at issue did not arise from those contacts with the forum state. As the Court explained in its prior order, in this case defendant did not merely have contact with a forum resident (the airplane manufacturer), but it also had contact with the forum itself when it knowingly and intentionally shipped its part to Kansas, and the claims at issue arose directly from that contact. *See Federal*, 2017 WL 5970827, at *3. As the Court previously noted, the issue is not where defendant's wrongful acts occurred, but rather whether defendant had sufficient contacts with Kansas that are related to plaintiff's claims. *See id.* Defendant has again failed to explain how those claims did not arise from defendant's contact with Kansas. Accordingly, defendant has not shown that the Court committed clear error in denying the motion to dismiss, and the Court therefore denies the motion for reconsideration.

IT IS THEREFORE ORDERED BY THE COURT THAT defendant's motion for reconsideration (Doc. # 52) is hereby **denied**.

IT IS SO ORDERED.

Dated this 19th day of January, 2018, in Kansas City, Kansas.

                                              s/ John W. Lungstrum  
                                              John W. Lungstrum  
                                              United States District Judge